**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MELISSA PACHECO, | Case No. 1:25-CV-00654 JLT SAB |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER |
| v. | (Doc. 3) |
| SELMA UNIFIED SCHOOL DISTRICT, et al., | |
| Defendants. | |

Melissa Pacheco, who is proceeding pro se, brings this lawsuit presumably on behalf of her son[1], A.P., against Selma Unified School District and various individuals associated with the School District. (Doc. 1.) The lawsuit alleges that A.P. has been diagnosed with juvenile dermatomyositis; that this causes fatigue, brain fog, and other symptoms; and that as a result he "is on a 504 Plan,"(*id*. at 4–6), which the Court construes to mean that he is subject to a plan set up under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. The Complaint further alleges, among other things, that A.P.'s Section 504 rights have been violated because he has "been having unnoticed mental issues" related to his diagnosis; that he has not been receiving needed support; and that his workload has not been reduced to "equal his frequent tardies and absences" thereby preventing him from graduating. (*Id*. at 5.) Ms. Pacheco has separately moved for a

---

[1] It is not clear whether Ms. Pacheco's son is a minor, but for purposes of discussion, the Court will presume that he is and will refer to him by what the Court presumes are his initials: A.P.

1

temporary restraining order (TRO) that would require Defendants to permit A.P. to participate in the June 5, 2025, graduation at Selma High School. (Doc. 3; *see also* Doc. 1 at 7.)[2]

Ms. Pacheco's TRO request will be denied because it appears that she lacks standing to pursue her claims. A federal court has an independent obligation to assess whether it has jurisdiction before proceeding to the merits of a case. *See Lance v. Coffman*, 549 U.S. 437, 439 (2007) ("Federal courts must determine that they have jurisdiction before proceeding to the merits."). Federal law allows parties to "plead and conduct *their own cases personally* or by counsel." *See* 28 U.S.C. § 1654 (emphasis added). The Ninth Circuit has interpreted this rule to mean that "a non-attorney may appear in propria persona in his own behalf," but "that privilege is personal to [the pro se party]," who "has no authority to appear as an attorney for others." *See C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Accordingly, the Ninth Circuit has held that a parent appointed guardian ad litem of their minor child cannot bring a pro se lawsuit on the child's behalf. *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *see also Hu v. Janssen Pharms., Inc.*, No. 21-CV-05990-HSG, 2024 WL 4178666, at *2 (N.D. Cal. Sept. 11, 2024).

Because Ms. Pacheco is proceeding pro se and appears to bring a claim only on behalf of her son, she lacks standing to proceed in this matter. Therefore, her request for a TRO will be **DENIED**.

IT IS SO ORDERED.

Dated:   **June 3, 2025**

UNITED STATES DISTRICT JUDGE

---

[2] Ms. Pacheco has also filed a motion to proceed in forma pauperis that remains pending. (Doc. 2.)

2