# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA PACHECO, | Case No. 1:25-cv-00654-JLT-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION |
| v. | |
| SELMA UNIFIED SCHOOL DISTRICT, et al., | (ECF Nos. 2, 5, 6) |
| Defendants. | |

Plaintiff is proceeding *pro se* in this action. (ECF No. 1.) On May 30, 2025, Plaintiff filed an application to proceed *in forma pauperis* (ECF No. 2); however, the Court was unable to determine from the application whether Plaintiff qualified. Therefore, the Court ordered that Plaintiff file a "long form" application. (ECF No. 5.) The Court gave Plaintiff fourteen days in which to file her long form application and admonished her that "[i]f Plaintiff fails to comply with this order, this action shall be dismissed." (Id. at p. 2.) Plaintiff failed to timely file a long form application, and thus, the Court will recommend that this matter be dismissed for failure to prosecute and failure to comply with a court order.

Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order. See Fed. R. Civ. P. 41(b); see also Applied Underwriters v. Lichtenegger, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir.

1  2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may
2  dismiss under Rule 41(b) sua sponte, at least under certain circumstances."). Similarly, Local
3  Rule 110 permits courts to impose sanctions on a party who fails to comply with a court order,
4  and the procedural rules that govern this Court are to be "construed, administered and employed
5  by the court . . . to secure the just, speedy, and inexpensive determination of every action and
6  proceeding." Fed. R. Civ. P. 1.

7  Before dismissing an action under Fed. R. Civ. P. 41, a court must consider: (1) the
8  public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3)
9  the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5)
10 the availability of less drastic sanctions. See Applied Underwriters, 913 F.3d at 890 (noting that
11 these five factors "must be considered" before a Rule 41 involuntarily dismissal); Malone v. U.S.
12 Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (reviewing the five factors and
13 independently reviewing the record because the district court did not make finding as to each).
14 But see Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same but
15 noting the court need not make explicit findings as to each); Ferdik v. Bonzelet, 963 F.2d 1258,
16 1260-61 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not
17 amend caption to remove "et al." as the court directed and reiterating that an explicit finding of
18 each factor is not required by the district court).

19 Upon review of the above-stated factors, the Court finds dismissal of the action is
20 warranted. The expeditious resolution of litigation is deemed to be in the public interest.
21 Yourish v. California Amplifier, 191 F.3d 983, 990-91 (9th Cir. 1999). Turning to the second
22 factor, the Court's need to efficiently manage its docket cannot be overstated. Given Plaintiff
23 has failed to respond to the Court's June 3, 2025 order, the Court's time is better spent on other
24 matters than needlessly consumed managing a case with a recalcitrant litigant. Indeed, "trial
25 courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and
26 requirements of our courts." Pagtalunan v. Galaza, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J.,
27 concurring in affirmance of district court's involuntary dismissal with prejudice of habeas
28 petition where the petitioner failed to timely respond to court order, noting "the weight of the

1 docket-managing factor depends upon the size and load of the docket, and those in the best
2 position to know what that is are our beleaguered trial judges"). Delays have the inevitable and
3 inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable
4 and can prejudice a defendant, thereby satisfying the third factor. See Sibron v. New York, 392
5 U.S. 40, 57 (1968). The instant dismissal is a dismissal without prejudice, which addresses the
6 fifth factor.

7 This case cannot linger indefinitely on this Court's already overburdened docket. A
8 dismissal of this action for failure to prosecute and failure to comply with court orders is in
9 accord with Ninth Circuit precedent as well precedent governing Rule 41 dismissals. It appears
10 Plaintiff has abandoned this action, and Plaintiff's failure to respond to the Court's order
11 warrants the sanction of dismissal without prejudice under the circumstances.

12 Furthermore, on June 3, 2025, the District Judge denied Plaintiff's motion for a
13 temporary restraining order finding that "[Plaintiff] lacks standing to pursue her claims." (ECF
14 No. 6, p. 2.) Because this finding is dispositive of this matter, the Court incorporates the District
15 Judge's order here and will recommend that this matter also be dismissed for failure to state a
16 claim. On that basis alone, this matter should be dismissed. 28 U.S.C. § 1915(e)(2); see Barren
17 v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a
18 claim).

19 **II.**

20 **ORDER AND RECOMMENDATIONS**

21 IT IS HEREBY RECOMMENDED that this case be dismissed without prejudice for
22 failure to state a claim, failure to prosecute this action, and/or failure to comply with the Court's
23 order, pursuant to Fed. R. Civ. P. 41 and Local Rule 110.

24 These Findings and Recommendations will be submitted to the United States District
25 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen**
26 **(14) days** after being served with these Findings and Recommendations, Plaintiff may file
27 written objections with the Court, limited to 15 pages in length, including exhibits. The
28 document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014), citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **June 30, 2025**

STANLEY A. BOONE
United States Magistrate Judge